UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WALTER ALEXANDER MURCIA, ET AL. | CIVIL ACTION |
| VERSUS | NO. 18-4938 |
| SPIRIT COMMERCIAL AUTO RISK RETENTION GROUP INC., ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court are: (1) defendants' motion to stay and (2) defendants' counsel's *ex parte* motion to withdraw as counsel.[1] Because defendant Spirit Commercial Auto Risk Retention Group, Inc. (Spirit) has been put into a receivership in Nevada state court, the Court grants the motions.

## I. BACKGROUND

This case arises from a car accident.[2] Plaintiffs—Walter Alexander Murcia, Harley Curtis, and Walter Murcia on behalf of himself and his minor child—allege that they were traveling on Interstate 12 on March 21, 2018, when defendant Kent Orr allegedly rear-ended their car.[3] Plaintiffs filed a

---

[1]    R. Doc. 18; R. Doc. 22.
[2]    R. Doc. 1-1.
[3]    *Id.* at 2 ¶ 3.

petition for damages in Tangipahoa Parish on April 4, 2018, claiming negligence against Orr, his employer WJ Express, Inc., and his employer's insurance company, Spirit.[4] Defendants removed the case to this court on the basis of diversity jurisdiction on May 15, 2018.[5]

On February 27, 2019, defendants filed a notice of temporary receivership and a motion to stay the proceedings.[6] Defendants explained that a Nevada state court had appointed a temporary receiver for Spirit, an initial step in a rehabilitation or liquidation process for troubled insurance companies, pursuant to state law.[7] As is typical, the Nevada court temporarily enjoined all claims against Spirit seeking the company's assets.[8] The order appointing the temporary receiver states, "all persons are immediately enjoined from the commencement or prosecution of any actions by or on behalf of the Insurer, or against the Insurer, and the receivership court will have exclusive jurisdiction over any actions involving the Receiver or Insurer."[9] In light of the injunction, defendants sought a temporary 60-

---

4       *Id.* ¶¶ 5-6.
5       R. Doc. 1.
6       R. Doc. 18.
7       R. Doc. 18-2 at 1-2.
8       *Id.* at 2.
9       R. Doc. 18-1 at 2.

day stay until the temporary receivership proceedings progressed.[10] Plaintiffs did not respond to the motion.

On May 15, 2019, defendants' counsel, the Loeb Law Firm, notified the Court that Spirit had been placed in a permanent receivership and sought to withdraw as counsel due to unpaid fees.[11] Like the Nevada court's earlier order, the order appointing the permanent receiver provides, "all claims against the Property must be submitted to the Receiver as specified herein to the exclusion of any other method of submitting or adjudicating such claims in any forum, court, arbitration proceeding, or tribunal subject to the further Order of this Court."[12] The order also permanently enjoins "persons or entities of any nature including . . . claimants [and] plaintiffs" from "[c]ommencing, bringing, maintaining, or further prosecuting any action at law, suit in equity, arbitration, or special proceeding against [Spirit] or its estate."[13]

---

[10]    R. Doc. 18-2 at 2.
[11]    R. Doc. 22.
[12]    R. Doc. 22-1 at 7 ¶ 10.
[13]    *Id.* at 8 ¶ 13.

## II.  DISCUSSION

When a state court puts a troubled insurance company into receivership proceedings, that court has "the task of providing for an orderly liquidation of an insolvent company and the preservation of its remaining assets." *Janak v. Allstate Ins. Co.*, 318 F. Supp. 215, 218 (W.D. Wis. 1970). To avoid interfering with these proceedings, in which many claimants may be seeking to recover funds from a limited pool of assets, the Fifth Circuit has held that, "federal policy . . . directs that the control over the insurance business remain in the hands of the states," and "[a]n orderly liquidation requires that [federal courts] not interfere with the order" of the receivership court. *Anshutz v. J. Ray McDermott Co., Inc.*, 642 F.2d 94, 95 (5th Cir. 1981). In these instances, a stay pending the conclusion of state receivership proceedings and dissolution of the state court injunction is "the proper course." *Id.*; *see also Indep. Petrochemical Corp. v. Aetna Cas. and Sur. Co.*, 672 F. Supp. 1, 6 (D.D.C. 1986) (staying federal case for the duration of rehabilitation and liquidation proceedings); *Integrity Ins. Co. v. Martin*, 105 Nev. 16, 18 (Nev. 1989) ("Nevada has adopted the UILA . . . [which] authorizes the court in which a delinquency proceeding was instituted to enjoin all claims against the insurer, including claims existing prior to an order of liquidation."). Thus, in order to ensure an orderly receivership

process and to avoid interference with the state court's custody over Spirit's assets, the Court orders this case stayed pending the conclusion of receivership proceedings and reversal of the injunction by the Nevada state court.

This stay shall apply to all litigation in this case. Plaintiffs have not requested that the Court sever their claims against Orr and WJ Express, Inc., and the Court finds that, in the interest of the judicial economy, their claims should not be severed given how closely connected the claims are. *See Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018) (whether to sever certain claims in a matter "is a matter within the sole discretion of the trial court"). A finding of liability against Orr and WJ Express, Inc. may affect the orderly distribution of assets in the state proceeding if WJ Express makes a claim in that proceeding against Spirit as a policy-holder to cover that liability. Thus, the claims against the other defendants are too closely related to a claim against Spirit's assets for the Court to proceed on those claims while the receivership proceedings are ongoing. *See Blevins v. Sheshadri*, No. 02-43, 2003 WL 21145689, at *2 (W.D. Va. May 16, 2003) (staying case against all defendants when insurer was in receivership proceedings "because of the close interrelation of the claims that are the subject of this case"); *Guar. Residential Lending, Inc. v. Homestead Mortg. Co.*, No. 04-74842, 2009 WL

5214877, at *3-*4 (E.D. Mich. Dec. 28, 2009) (staying all litigation due to FDIC bank receivership because the claims were "inextricably intertwined," and a stay against all defendants was necessary "for the purposes of judicial economy"). The Court therefore finds that the case must be stayed against all defendants pending the conclusion of receivership proceedings and reversal of the injunction by the Nevada state court.

Finally, the Court also finds that the Loeb Law Firm has met the requirements to withdraw under Local Rule 83.2.11. Accordingly, J. Scott Loeb, Esq., Michael J. Gautier, Jr., and the Loeb Law Firm may withdraw as counsel for defendants.

## III. CONCLUSION

In light of the permanent injunction and order appointing a permanent receiver of defendant Spirit Commercial Auto Risk Retention Group, Inc. in the Eighth Judicial District Court of Nevada, defendants' motion to stay and defendants' counsel's *ex parte* motion to withdraw as counsel are GRANTED. This case is hereby STAYED for the duration of the receivership proceedings.

New Orleans, Louisiana, this __24th__ day of May, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE